CLD-042                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1669
_____

DERRICK GIBSON,
                                        Appellant

v.

MARY FLEMMING, Nurse; THOMAS ARMSTRONG, Captain, Hearing Examiner;
CARL WALKER, Captain; DARRYL BEVERIDGE, Corrections Officer I; ROBERT
HAWKINBERRY, Captain; ROBERT FLEMMING, Lieutenant; SHAUN IREY,
Lieutenant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-00392)
District Judge: Honorable David S. Cercone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 3, 2020
Before: RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 30, 2020)
_____

OPINION[*]
_____

---
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Derrick Gibson appeals the District Court's order granting Appellees' motion for summary judgment and denying his motion for summary judgment. For the reasons below we will summarily affirm the District Court's order.[1]

The procedural history of this case and the details of Gibson's many claims are well known to the parties, set forth in the Magistrate Judge's Report and Recommendation, and need not be discussed at length. In his Second Amended Complaint, Gibson challenged several uses of force by prison officials. Both Gibson and the Appellees filed motions for summary judgment. The Magistrate Judge wrote a detailed and thorough Report and Recommendation analyzing Gibson's claims. The District Court adopted the Report and Recommendation, denied Gibson's motion for summary judgment, and granted Appellees' motion for summary judgment. Gibson filed a timely notice of appeal.

We agree with the District Court that Appellees were entitled to summary judgment on Gibson's claims.[2] We write here to address a few of his excessive force and sexual harassment claims which were addressed by prison officials through

---

[1] Earlier in the District Court proceedings, the Magistrate Judge recommended granting in part a motion to dismiss filed by Appellees. Gibson did not object to the Magistrate Judge's Report and Recommendation, and the District Court adopted it. The District Court did not err in dismissing those claims.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We agree with the District Court that the evidence must be viewed in light of the video footage of the incidents. Scott v. Harris, 550 U.S. 372, 380-81 (2007).

investigations. However, regardless of exhaustion, Appellees were entitled to summary judgment on those claims.

An Eighth Amendment claim has an objective and subjective component. Hudson v. McMillian, 503 U.S. 1, 8 (1992). The defendant must act with a "sufficiently culpable state of mind," and the conduct must be objectively harmful enough to violate the Constitution. Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991). In evaluating the subjective component of an excessive force claim, the Court should consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Ricks v. Shover, 891 F.3d 468, 480 (3d Cir. 2018) (citations omitted). Several factors guide this analysis: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response." Id. (internal quotations omitted). In addressing the objective component of an Eighth Amendment claim, the question is whether the injury was more than de minimis. Fuentes v. Wagner, 206 F.3d 335, 345 (3d Cir. 2000). The use of chemical agents to subdue recalcitrant prisoners is not cruel and unusual when reasonably necessary. See Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984).

With respect to the incident on September 4, 2014, Gibson claimed, without citation to any evidence in the record, that a security investigation was conducted. We saw no report from this investigation in the record. In any event, Appellees were entitled

3

to summary judgment on Gibson's excessive force claim. Gibson admitted, in his response to a misconduct, that he told officers that he was suicidal and tied a sheet around his neck before the officer sprayed him with oleoresin capsaicin (OC) spray. Thus, the unplanned use of force was required to prevent Gibson from hurting himself. Gibson suffered no injuries beyond the temporary discomfort of the OC spray. The use of force did not rise to the level of a constitutional violation.[3]

Gibson alleged that on January 10, 2016, he was ordered to strip for a search or be sprayed. He complied. He claims that he was then taken to another cell where officers pulled his shackled feet from under him, causing him to fall. At the beginning of the video for this incident, an officer states that Gibson has cut himself and claims to have a razor. When the extraction team arrives at his cell, Gibson is strip searched and complies with orders to be handcuffed. He is upset about the strip search and claims that he is being sexually harassed. As he is being taken into the other cell, he yells "take me down!" He is then brought down to the floor by officers who yell "quit resisting!"

We agree with the District Court that Gibson failed to exhaust his administrative remedies for his claim of excessive force. Gibson argued in response to Appellees' summary judgment motion that he filed a grievance that was labeled as a complaint about

---

[3] As for his claim that he was left in his cell for forty minutes suffering from the spray before the officers returned, Gibson's allegations do not match the video and paperwork regarding the incident. The paperwork shows that he was sprayed at 8:45, and the video started a few minutes later when the extraction team arrived at his door. While Gibson had to wait 30 minutes to have his eyes washed out, most of this delay was because he refused to be cuffed and removed from the cell. He was not, as he claims in his response to the Appellees' motion for summary judgment, left in his cell for 30 minutes begging for medical treatment.

4

conditions. In a grievance submitted on January 13, 2016, Gibson complained of being placed in a "hard cell" with many restrictions. He made no mention of any excessive force.

The record does, however, include an investigation of Gibson's claim that he was sexually harassed on January 10, 2016, when he was required to submit to a second visual strip and an officer allegedly winked at him. The investigator interviewed the officers involved but Gibson did not cooperate with the investigation. The investigator concluded that Gibson's allegations were unfounded. Being subject to an extra visual strip search and a wink does not rise to the level of a constitutional violation. See Ricks, 891 F.3d at 475 ("the incident [of sexual abuse] must be objectively, sufficiently intolerable and cruel, capable of causing harm, and the official must have a culpable state of mind.").

The record also contains an investigation report into Gibson's allegations of unspecified sexual harassment arising from a January 13, 2016 incident. Gibson again did not cooperate with the investigation, and the allegations were determined to be unfounded. In his Second Amended Complaint, Gibson alleged that an officer winked at him and "flicked his tongue" at Gibson. To the extent these allegations are considered exhausted, they do not rise to the level of a constitutional violation. Id.

With respect to the January 21, 2016 incident, Gibson did not respond to Appellees' argument that he did not exhaust his claims. We agree with the District Court that he failed to exhaust his administrative remedies for these claims. However, a few allegations arising from the January 21, 2016 incident were addressed in an investigation

5

by the prison. Gibson filed a grievance in which he complained of continuous sexual, physical, verbal, and psychological harassment by Officer Beveridge. He did not describe any specific incidents. The grievance was rejected but the allegations of sexual harassment were forwarded to the Security Department and PREA Compliance Manager for an investigation. In June 2016, the security department issued an investigative report. It noted that Gibson alleged that the officer provoked him into self-injurious behavior so he could issue misconducts and videotape Gibson being stripped. He alleged that the officer choked him with two spit hoods, stepped on his finger causing a blood clot, and falsely accused Gibson of biting him. No one interviewed by the investigator corroborated Gibson's allegations.

Even if those allegations were considered exhausted, Appellees would still be entitled to summary judgment. The video does not support Gibson's allegations that he was choked and his finger was stepped on. The use of force during the January 21, 2016 incident was unfortunately necessary for the safety of staff, and there is no genuine dispute that any force was not applied maliciously but rather for the purpose of maintaining order.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.; Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (court of appeals may affirm on any basis supported by the record). Gibson's motions for the appointment of counsel and for injunctive relief are denied.

6